Vince M. Verde, CA Bar No. 202472
vince.verde@ogletreedeakins.com
Richard Y. Chen, CA Bar No. 225392
richard.chen@ogletreedeakins.com
Jordon R. Ferguson, CA Bar No. 276578
jordon.ferguson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:    714.754.1298

Attorneys for Defendant,
Wal-Mart Stores, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY AUTRY,<br><br>            Plaintiff,<br><br>      vs.<br><br>WAL-MART STORES, INC. a corporation, and DOES 1 to 100,<br><br>            Defendants. | Case No.<br><br>**DEFENDANT WAL-MART STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[DIVERSITY AND FEDERAL QUESTION JURISDICTION]**<br><br>*[Filed concurrently with Declaration of Jordon R. Ferguson; Notice of Related Cases; Civil Case Cover Sheet; Corporate Disclosure Statement; Request for Judicial Notice; and Certification of Interested Parties]*<br><br>State Ct. Action Filed:  August 19, 2014<br>Trial Date:                       None Set |

19114369_2.docx

Case No.
DEFENDANT WAL-MART STORES, INC.'S PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to United States Code, Title 28, Sections 1332, 1441 and 1446, Defendant Wal-Mart Stores, Inc. ("Defendant" or "Walmart") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Tulare, to the United States District Court for the Central District of California, Eastern Division, on the following grounds:

First, this is a civil action founded on a claim or right arising under the Constitution, treaties, or laws of the United States, including the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*

Second, there is complete diversity of citizenship between Plaintiff Jenny Autry ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the States of Delaware and Arkansas and the amount in controversy exceeds $75,000 set forth in Section 1332(a). Accordingly, removal is also proper based on diversity jurisdiction.

The forgoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

# I.

# THE STATE COURT ACTION

1. On or about August 19, 2014, Plaintiff filed an action against Defendant entitled "*PENNY AUTRY, Plaintiff vs. WAL-MART, STORES, INC. a corporation, and DOES 1 to 100, Defendants*," in Tulare County Superior Court, Case Number 257542 ("State Court Action").

2. On September 18, 2014, Defendant received service of the Summons, Complaint, and Civil Case Cover Sheet through its registered agent for service of process. These documents were the initial pleadings received by Defendant setting

forth the claims upon which this action is based.  True and correct copies of these documents, along with all pleadings, process and other documents Defendant has received in this action are attached hereto as **Exhibit A** to the Declaration of Jordon R. Ferguson, filed concurrently herewith**.**  In accordance with 28 U.S.C. 1446(a), Exhibit A represents the entirety of the process, pleadings, or orders in the action. Defendant has not served or been served with any other process, pleadings, or orders in this action.

3. The Complaint asserts the following claims: (1) wrongful termination in violation of public policy; (2) retaliation in violation of California's Fair Employment and Housing Act ("FEHA"); (3) disability discrimination in violation of FEHA; (4) failure to accommodate in violation of FEHA; (5) failure to engage in interactive process in violation of FEHA; (6) age discrimination in violation of FEHA; (7) violation of CFRA and FMLA.

4. On October 14, 2014, Defendant timely served and filed its Answer to Plaintiff's Complaint in the Superior Court of the States of California, County of Tulare.  A true and correct conformed copy of Defendant's Answer to Plaintiff's Complaint is included in **Exhibit B** to the Declaration of Jordon R. Ferguson, filed concurrently herewith**.**

## II.

## REMOVAL IS TIMELY

5. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b).  ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999).

/ / /

6. Here, removal is timely because Defendant is filing this Notice of Removal within thirty (30) days after its Registered Agent for Service of Process was served with the Summons and Complaint.

### III.

### REMOVAL IS PROPER ON FEDERAL QUESTION GROUNDS BECAUSE THIS CIVIL ACTION INVOLVES CLAIMS OR RIGHTS ARISING UNDER THE LAWS OF THE UNITED STATES

7. This action is one which this Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's seventh claim, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* (Complaint, ¶¶ 71-79.) Specifically, Plaintiff alleged that he was "eligible for a CFRA/FMLA leave" and Defendant "failed, refused, and/or denied Plaintiff the CFRA/FMLA leave, and/or mislead her with regards to the rights and obligations of a CFRA/FMLA leave." (Complaint, ¶ 74.) Plaintiff further alleged that Defendant "failed to notify Plaintiff of her rights pursuant to the FMLA/CFRA." (Complaint, ¶ 74.)

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law causes of action in Plaintiff's Complaint because the state law claims are transactionally related to Plaintiff's seventh claim under the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* The state law claims derive from the same common nucleus of operative fact as the federal cause of action. Accordingly, removal is also proper on federal question grounds as well. *See Emich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

9. Pursuant to 28 U.S.C. § 1441(c), whenever a claim or cause of action is brought under a federal law for which this Court has original jurisdiction, and is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed.

## IV.

## **REMOVAL OF THE COMPLAINT IS ALSO PROPER**

## **ON THE BASIS OF DIVERSITY**

## **28 U.S.C. § 1332**

10. The above-described action is a civil action of which this court has original jurisdiction under the provisions of United States Code, Title 28, Section 1332, and is one that may be removed to this Court by Walmart, pursuant to United States Code, Title 28, section 1441.

11. This Court has original jurisdiction over this action under United States Code, Title 28, Section 1332 because (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (b) the parties to this action are citizens of different states.

12. **Complete Diversity of the Parties Exists.** This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and hence the action may be removed by Defendant pursuant to 28 U.S.C. § 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this action are diverse, as detailed below:

13. **Plaintiff is a Citizen of California.** Plaintiff is a citizen of the State of California and is domiciled in the County of Tulare, California, and was so domiciled at the time of filing of the Complaint. (Complaint, ¶ 1.)

14. **Defendant is a Citizen of Delaware and Arkansas.** The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1184. The Court further clarified that the principal place of business was the place where the

corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

15. Defendant was at the time the Complaint was filed, and still is, incorporated in the State of Delaware. Its principal place of business at the time of the filing of the Complaint was and is currently in the State of Arkansas. (Request for Judicial Notice ("RJN"), 1 – 2; Declaration of Jordon Ferguson ("Decl. Ferguson"), ¶¶ 3-4, Exs. C - D.) Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

16. Further, Defendant does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Decl. Ferguson, ¶ 7.) *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

17. Thus, for diversity purposes, Defendant must be considered a citizen of Delaware and Arkansas.

18. **The Citizenship of the Doe Defendants Is Irrelevant**. "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal

1  petition). Therefore, Plaintiff's inclusion of DOES 1 through 100 in the Complaint
2  cannot defeat diversity jurisdiction.

3  19. This Court has original jurisdiction over the case based on diversity
4  jurisdiction pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a),
5  in that, Plaintiff is, and was at all times relevant to this action, a citizen of the State
6  of California and Defendant is, and was at all times relevant to this action, a citizen
7  of the States of Delaware and Arkansas. As a result, complete diversity between
8  Defendant and Plaintiff exists now, and did exist at the time the Complaint was filed.

9  20. Based on the foregoing, complete diversity among the parties exists
10 now. Thus, this timely Petition is based on complete diversity of the parties.

11 21. **THE AMOUNT IN CONTROVERSY EXCEEDS AN
12 AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS**. This
13 court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and
14 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000,
15 exclusive of interests and costs.

16 22. This Court's jurisdictional minimum, an amount in controversy in
17 excess of $75,000, was satisfied at the time of the filing of this action, and still is
18 satisfied, by the facts set forth herein and more specifically described below.
19 Defendant discusses below the allegations in Plaintiff's Complaint that are the
20 subject of this matter solely to demonstrate that the amount in controversy in this
21 matter exceeds $75,000.00.[1]

---

[1] By estimating the amounts Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on her Complaint or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

23. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

24. The Complaint does not allege a damage amount as to each claim. Removal is, therefore, proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

25. In her Complaint, Plaintiff seeks "loss of earnings and earning capacity." (Complaint, Prayer at ¶ 2.) Plaintiff also alleges that, as a result of Defendant's actions, she has lost and will continue to lose income, benefits, and other employment opportunities. (Complaint, ¶¶ 21, 30, 39, 49, 59, 69, and 76.) Plaintiff's claim for compensatory damages, including lost prior and future earnings, must be based on her annual compensation during the time of her employment with Defendant. At the time of her termination on or about August 24, 2012, her hourly rate as an Asset Protection Associate was $17.80 per hour, which totals approximately $37,024.00 on an annualized basis (2,080 hours). (Decl. Ferguson, ¶ 5.)   In addition to wage compensation, Plaintiff received benefits during her employment with Defendant. (Decl. Ferguson, ¶ 5.)  Thus, at the time of the removal of this case, Plaintiff's alleged unmitigated lost wages and benefits  already exceeds $75,000.00.

26. Based on the 2014 Judicial Caseload Profile for the Eastern District of California obtained from the United States District Courts' official website (http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-june-2014.pdf&page=67), the median time from filing to trial in a civil matter is 47.8 months.  (RJN, 3; Decl. Ferguson, ¶ 5, Ex.

E.) By the time this case is resolved at trial, likely no earlier than August 2018 (approximately 47.8 months from the date the lawsuit was filed), Plaintiff's alleged unmitigated lost wages could amount to at least $222,144.00.

27. Additionally, Plaintiff has pled for the recovery of punitive and exemplary damages. (Complaint, ¶¶ 23, 31, 41, 51, 61, 78 and Prayer at ¶ 5.) The potential for exemplary damages award alone against Defendant satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3D 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). In fact, in cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the removing party does not estimate the exact dollar amount of such damages. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged loss income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction). Thus, when considering the potential amount of all damages sought by Plaintiff, it easily becomes "more likely than not" that the amount at issue in this

lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).

28. Unspecified mental and emotional distress damages are also properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-1035 (N.D. Cal. 2002). Plaintiff alleges that, as a result of Defendant's actions, she sustained and continues to suffer humiliation, emotional distress, anxiety, and injury to her psyche. (Complaint, ¶¶ 22, 29, 40, 50, 60, 69, and 77.)

29. Finally, Plaintiff also seeks statutory attorney's fees and costs based on her claims under California Government Code §12965(b). (*See* Complaint, ¶¶ 32, 42, 52, 62, 70, and 79.) When authorized by statute or contract, attorney's fee claims are also properly considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Adding the potential damages for attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

30. Accordingly, based on a good faith estimate of the value of the claims asserted on the face of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction.

*Sanchez*, *supra*, 102 F.3d at 404; *see also Simmons*, *supra*, 209 F.Supp.2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal).

31.  As the alleged damages exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper.

## V.

## **VENUE IS PROPER**

32.  In accordance with United States Code, Title 28, Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of Tulare is located within the Eastern District of California. 28 U.S.C. § 84(c)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.

## **SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446**

33.  In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, Tulare County, is located within the Eastern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a)

because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 114(a).

34. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by **Exhibit A** to the Declaration of Jordon Ferguson, which are copies of all process, pleadings, and orders served upon Defendant and filed in the State Court Action.

35. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, County of Tulare.

## VII.

## **CONCLUSION**

36. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

37. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: October 17, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:     /s/ Jordon R. Ferguson
Vince M. Verde
Richard Y. Chen
Jordon R. Ferguson

Attorneys for Defendant,
Wal-Mart Stores, Inc.

## PROOF OF SERVICE
*Penny Autry v. Wal-Mart Stores, Inc., et al.*
Case No.

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On October 17, 2014, I served the following document(s):

1. **CIVIL COVER SHEET;**

2. **DEFENDANT WAL-MART STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446;**

3. **DECLARATION OF JORDON FERGUSON IN SUPPORT OF DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT;**

4. **DEFENDANT WAL-MART STORES, INC.'S REQUEST FOR JUDICIAL NOTICE FILED IN COMPLIANCE WITH FED. R. EVID. 201(B)(2) IN SUPPORT OF NOTICE OF REMOVAL;**

5. **NOTICE OF RELATED CASES;**

6. **DEFENDANT WAL-MART STORES, INC.'S CORPORATE DISCLOSURE STATEMENT IN COMPLIANCE WITH FRCP 7.1; and**

7. **CERTIFICATION AS TO INTERESTED PARTIES IN COMPLIANCE WITH LOCAL RULE 7.1-1**

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 17 2014, at Costa Mesa, California.

Karly Kolisch
Type or Print Name                                    Signature

**SERVICE LIST**

Gene M. Ramos, Esq.
The Law Offices of Gene M. Ramos
8383 Wilshire Blvd., Suite 950
Beverly Hills, CA 90211
Tel: 323-857-0444
Fax: 323-857-6644

Attorney for Plaintiff

19114375_1.docx

3   Case No.
PROOF OF SERVICE RE REMOVAL