Exhibit A

12/18/14

COPY

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART STORES, INC. a corporation, and DOES 1 through 100
inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PENNY AUTRY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* The Superior Court of California<br><br>221 South Mooney Boulevard, Room 201<br>Visalia, CA 93291 | CASE NUMBER:<br>*(Número del Caso):* **257542**<br><br>BY FAX |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Gene M. Ramos, 8383 Wilshire Blvd., Ste. 950, Beverly Hills, CA 90211 (323)857-0444

| DATE:<br>*(Fecha)* AUG 1 9 2014 | LaRayne Cleek Clerk, by<br>*(Secretaria)* | Linnetta Ybarra | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

COURT SEAL

Page 1 of 1

COPY

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

AUG 19 2014

LARAYNE CLEEK, CLERK
BY: Linnetta Ybarra

1   Gene M. Ramos, Esq. (State Bar No. 182996)
**THE LAW OFFICES OF GENE M. RAMOS**
2   8383 Wilshire Blvd., Suite 950
Beverly Hills, California 90211
3   Telephone (323) 857-0444
Facsimile  (323) 857-6644
4

5   Attorneys for Plaintiff
PENNY AUTRY

CASE MANAGEMENT CONFERENCE

6   Hearing Date: 12/17/14
Time:  8:30am
7   Department: 2

8   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   FOR THE COUNTY OF TULARE

10

11   PENNY AUTRY,                           )   Case No. **2 5 7 5 4 2**
                                         )
12                Plaintiff,             )   **COMPLAINT FOR DAMAGES**
                                         )
13          v.                           )   1.  Wrongful Termination in Violation of
                                         )       Public Policy
14                                        )
     WAL-MART STORES, INC., a            )   2.  Retaliation in Violation of *Government*
15   corporation, and DOES 1 through 100,)       *Code* §12940(h)
     inclusive,                          )
16                                        )   3.  Disability Discrimination in Violation of
                                         )       California *Government Code* §12940(a)
17                Defendants.            )
                                         )   4.  Failure to Accommodate *in Violation of*
18   _____)       California *Government Code* §12940(m)
                                         )
19                                        )   5.  Failure to Engage in Interactive Process
                                             in Violation of California *Government Code*
20                                           §12940(n)

21   **LLOYD L HICKS**                    6.  Age Discrimination in Violation of
                                             *Government Code* §12940(a)
     Assigned to Judicial Officer_____
22   For All Purposes                     7.  CFRA Violation of *Government Code*
                                             §12945.2
23

24

25          Plaintiff Penny Autry, based on information and belief, hereby alleges against

26   Defendants Wal-Mart Stores, Inc., a corporation, and Does 1 through 100, inclusive, the

27   following:

28

- 1 -
COMPLAINT FOR DAMAGES

**PARTIES**

1.   Plaintiff Penny Autry is an individual and was, at all times material herein, a resident of the County of Tulare, in the State of California.  Plaintiff was over the age of forty (40) at all relevant times during her employment.

2.   Defendants Wal-Mart Stores, Inc., a corporation, and Does 1 through 100, inclusive, are and were, at all material times herein, entities doing business in the State of California, and County of Tulare.  At all times material herein, these Defendants are and were employers as defined in the *Government Code* of the State of California.

3.   Plaintiff alleges that Defendants' "managing agents" were involved in the decision to terminate the Plaintiff, and were responsible for determining the terms, conditions, and privileges of Plaintiff's employment.  These decision-makers or "managing agents" intentionally avoided and/or attempted to avoid Defendants' obligations under the Fair Employment and Housing Act ("FEHA"), which resulted in causing harm to the Plaintiff. In fact, Defendants and their managing agents authorized and/or ratified Plaintiff's termination, which reasons for the termination were false, misleading, inconsistent with their own policies, and made maliciously.

4.   The true names, identities, or capacities of the other Defendants, Does 1 through 100, inclusive, whether they were  individuals, corporate entities, associates, or otherwise, are unknown to the Plaintiff.  Therefore, Plaintiff sues these Defendants by such fictitious names, Does 1 through 100.  When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations. .

5.   Plaintiff is informed and believes, and on that basis alleges, that of the each Defendant sued under such fictitious name is in some manner responsible for the wrongs and damages as alleged below; and in so acting, each was functioning as the agent, servant, partner, supervisor and/or employee of the other Defendants.  In doing the actions mentioned below, each Defendant was acting within the course and scope of his or her authority as such agent,

- 2 -
**COMPLAINT FOR DAMAGES**

1  servant, partner, supervisor and/or employee, with the permission and consent of the other

2  Defendants. Plaintiff further alleges that the entity Defendants employed other entities

3  and/or individuals to serve as their agents, representatives, and/or administrator, to carry out

4  unlawful employment activities.

5       6. Plaintiff names said Defendant and Doe Defendants herein, and each of them,

6  because Plaintiff is in doubt and does not know exactly from which of the said Defendants

7  Plaintiff is entitled to redress in light of the fact that the injuries and damages to Plaintiff

8  herein alleged were caused by the combined negligence of all of the Defendants, or one or

9  more of them. For that reason, Plaintiff names all of the said Defendants, and asks that the

10 Court determine the liability of each and all of the said Defendants in this action and to what

11 extent responsibility falls upon each Defendant; and that the Court award judgment to

12 Plaintiff as against such or all Defendants, either jointly or separately, as may be found liable.

13

14                     **JURISDICTION**

15      7. Pursuant to California *Government Code* §12965(b), Plaintiff may bring this action in

16 any county in the state in which the unlawful practice is alleged to have been committed, in the

17 county in which the records relevant to the practice are maintained and administered, or in the

18 county in which the aggrieved person would have worked, or otherwise. Plaintiff alleges that

19 all of the unlawful employment conduct alleged in this Complaint was committed in the

20 County of Tulare, State of California.

21

22           **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23      8. Plaintiff filed a timely discrimination complaint with the Department of Fair

24 Employment and Housing ("DFEH"); and named the above-identified Defendants in the

25 body of the DFEH charge.

26      9. Plaintiff received a right-to-sue notice described in California *Government Code*

27 §12965(b); and Plaintiff has served and/or will serve said Notices on the above-named

28

**COMPLAINT FOR DAMAGES**

1   Defendants.  Plaintiff filed this action within one year of the date of the right-to-sue Notice
2   and has therefore exhausted the administrative remedies.

3

4                           **FACTS AND ALLEGATIONS**

5         10.   The Plaintiff was a long-time employee with Wal-Mart Stores, Inc., from
6   approximately October 26, 1994 through August 24, 2012.

7         11.   The Plaintiff's last job position held was in the asset protection division,
8   employed as a security guard.

9         12.   At all material times herein, Plaintiff performed her job in a satisfactory manner
10  and received satisfactory performance evaluations.  Throughout her employment Plaintiff
11  performed the duties of her work assignments in a capable and competent manner.

12        13.   In or around February 2011, the Plaintiff suffered a serious work-related injury
13  while she was performing her job as a security guard.  She was physically battered/injured by a
14  customer when she was performing her duties as a security guard.

15        14.   As a result of the incident, the Plaintiff suffered serious bodily injuries which
16  required surgery and a regiment of medical treatment thereafter.

17        15.   The work-related injury and resulting medical treatment forced the Plaintiff to go
18  on an extended leave of absence.

19        14.   The Plaintiff received company approval for leaves of absences for
20  approximately 12-14 months since her initial leave.

21        15.   Upon and during her leave of absence, the Plaintiff completed documentation in
22  connection with her approved leaves of absence; and the Plaintiff remained in communication
23  with her employer regarding her leaves of absence.

24        16.   On or about May 30, 2012, Defendants approved the Plaintiff for another
25  extended leave of absence up to, and including, August 23, 2012.

26        17.   As of August 24, 2012, of thereabout, the Plaintiff's physician had not yet
27  approved the Plaintiff for another leave of absence.  As a result, Defendants terminated
28  Plaintiff's employment for failure to return to work.

- 4 -
**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy Against the Entity Defendants)**

18.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 17, inclusive, as though fully set forth herein.

19.   Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, which include but are not limited to, the right to right to not be discriminated against based on age, disability, and other discriminatory rights pursuant to the Fair Employment and Housing Act ("FEHA").  The Plaintiff further alleges that Defendant violated public policies that prohibit discriminated based on taking a medical leave and/or seeking accommodation pursuant to the FEHA.  These rights concerning discriminatory treatment are rooted in the FEHA and are fundamental public policies that inure to the benefit of the public, and not just the private interests of the employer.

20.   As set forth above, said actions by the entity Defendants and Does 1 through 100, and each of them, were wrongful and in violation of the aforementioned laws and the fundamental principles of the public policy of the State of California as reflected in these laws, objectives and policies.

21.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to California *Civil Code* §3287 and/or any other provision of law providing for pre-judgment interest.

22.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff claims general damages, including damages for emotional distress, in an amount to be established at trial and in excess of the jurisdictional limits of this Court.

23.   The acts taken towards the Plaintiff by Defendants and its agents and/or representatives, were deliberate, cold, callous, and fraudulent; and carried out in an intentional manner in order to injure and damage the Plaintiff.  Defendants acted in conscious disregard

**COMPLAINT FOR DAMAGES**

1  of the Plaintiff such that their conduct was despicable.  As such, Plaintiff requests punitive

2  damages against Defendants in an amount to be proven at time of trial.

3

4  ## SECOND CAUSE OF ACTION

5  **(Retaliation in Violation of Govt. Code §12940(h) Against the Entity Defendants)**

6      24.  Plaintiff restates and incorporates by reference each and every allegation

7  contained in paragraphs 1 through 23, inclusive, as though fully set forth herein.

8      25.  At all times mentioned in this complaint California *Government Code* Section

9  12940(h) was in full force and effect and was binding on Defendants, and applied to Plaintiff

10  in her capacity as an employee and former employee of the entity defendants.

11      26.  Subsection (h) of section 12940 of the *Government Code* provides that it shall be an

12  unlawful employment practice for any employer to retaliate against an employee for protected

13  activity which includes requesting reasonable accommodations, reporting a FEHA disability,

14  requesting and/or needing a leave pursuant to a medical condition (see *Government Code* §

15  12945.2), and participating in other protected activity.

16      27.  During the course of her employment, Plaintiff alleges that after she engaged in

17  protected activity the Defendants violated the aforementioned subsection by denying her

18  accommodation; denying her the rights and obligations pursuant to the CFRA and related

19  medical leaves; discriminating against her in terms, conditions and privileges of employment;

20  terminating her employment based on her disability; and by engaging in other adverse

21  employment action based on her request for protected activity.

22      28.  Plaintiff alleges that after she engaged in protected activity by pursuing her rights

23  under the FEHA (e.g. disability, accommodation, and medical leave laws), Defendants took

24  adverse employment action against her by denying her reasonable accommodations, denying

25  her employment, and ultimately terminating her employment.

26      29.  As a proximate result of Defendants' willful, knowing, and intentional retaliatory

27  conduct against her, Plaintiff suffered and continues to suffer, humiliation, emotional distress,

28  mental and physical pain, and anguish, in an amount to be proven at trial.

1       30.   As a further proximate result of Defendants' retaliatory conduct, Plaintiff has

2   sustained and continues to sustain, substantial losses in earnings, and other employment

3   benefits and opportunities, in an amount to be proven at trial.

4       31.   As a further proximate result of Defendants' willful, knowing, and intentional

5   retaliatory conduct against Plaintiff, Defendants are guilty of oppression and malice, justifying

6   an award of punitive and exemplary damages, in an amount to be proven at trial.

7       32.   At all times mentioned in this complaint, California *Government Code* Section

8   12965(b) was in full force and effect. This subsection authorizes an award of costs and

9   attorney's fees to a prevailing party. Plaintiff has incurred and continues to incur legal

10   expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these

11   expenses and fees, but intends to seek an award of attorney's fees in event he prevails at trial.

12

13   ## THIRD CAUSE OF ACTION

14   **(Disability Discrimination in Violation of Govt. Code §12940(a)**

15   **Against Entity Defendants)**

16       33.   Plaintiff restates and incorporates by reference each and every allegation

17   contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

18       34.   The entity Defendants are entities and/or employers governed by California

19   *Government Code* section 12940, et seq.

20       35.   At all relevant times, Plaintiff suffered from a physical disability but was

21   otherwise a qualified individual whose disability limited major life activities of the Plaintiff.

22   Specifically, Plaintiff suffered from a work-related injury that resulted limiting her ability to

23   work and perform her job. Plaintiff communicated to her employer he need for rehabilitation

24   in order to recuperate and return to work. Prior to returning to work from an extended leave

25   of absence, the Defendants, through its human resource division, representatives or agents,

26   and/or other management-level employees who were responsible for knowing FEHA

27   disabilities and the rights and obligations therein, terminated her employment.

28

**COMPLAINT FOR DAMAGES**

30. As a further proximate result of Defendants' retaliatory conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities, in an amount to be proven at trial.

31. As a further proximate result of Defendants' willful, knowing, and intentional retaliatory conduct against Plaintiff, Defendants are guilty of oppression and malice, justifying an award of punitive and exemplary damages, in an amount to be proven at trial.

32. At all times mentioned in this complaint, California Government Code Section 12965(b) was in full force and effect. This subsection authorizes an award of costs and attorney's fees to a prevailing party. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, but intends to seek an award of attorney's fees in event he prevails at trial.

## THIRD CAUSE OF ACTION

### (Disability Discrimination in Violation of Govt. Code §12940(a)
### Against Entity Defendants)

33. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. The entity Defendants are entities and/or employers governed by California Government Code section 12940, et seq.

35. At all relevant times, Plaintiff suffered from a physical disability but was otherwise a qualified individual whose disability limited major life activities of the Plaintiff. Specifically, Plaintiff suffered from a work-related injury that resulted limiting his ability to work and perform her job. Plaintiff communicated to her employer he need for rehabilitation in order to recuperate and return to work. Prior to returning to work from an extended leave of absence, the Defendants, through its human resource division, representatives or agents, and/or other management-level employees who were responsible for knowing FEHA disabilities and the rights and obligations therein, terminated her employment.

36.     Defendant knew or reasonably should have known of Plaintiff's disabilities, and knew or should have known that the disabilities fell within the definition of "disability" under California *Government Code* section 12926.  Defendant further knew or should have known that despite her disabilities, Plaintiff could perform the essential functions of her job or an alternative job, if provided reasonable accommodations.

37.     Despite their knowledge of the foregoing, Defendants treated her differently in the terms, conditions, and privileges during her employment; took adverse employment action due to her disability; and then separately terminated her employment, in whole or in part, because of her disabilities and/or Defendant's perception that Plaintiff was disabled.

38.     In engaging in the foregoing conduct, Defendant aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act ("FEHA"), in particular California *Government Code* Section 12940(a) which prohibits discrimination on the basis of a person's disability.

39.     As a direct and foreseeable result of the aforesaid acts of said Defendant, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to California *Civil Code* §3287 and/or any other provision of law providing for pre-judgment interest.

40.     As a direct and foreseeable result of the aforesaid acts of said Defendant, Plaintiff claims general damages, including damages for emotional distress, in an amount to be established at trial and in excess of the jurisdictional limits of this Court.

41.     The acts taken towards the Plaintiff by Defendant and its agents and/or representatives, were deliberate, cold, callous, and fraudulent; and carried out in an intentional manner in order to injure and damage the Plaintiff.  Defendant acted in conscious disregard of the Plaintiff such that their conduct was despicable.  As such, Plaintiff requests punitive damages against Defendants in an amount to be proven at time of trial.

COMPLAINT FOR DAMAGES

1    42.    Plaintiff will also seek and is entitled to recover attorney's fees in connection

2    with this cause of action under the private attorney general doctrine (California Civil Code

3    section 1021.5) as well as California *Government Code* section 12940, et seq.

4

5                            **FOURTH CAUSE OF ACTION**

6         (Failure to Accommodate in Violation of Govt. Code §12940(m)

7                           **Against Entity Defendants)**

8    43.    Plaintiff restates and incorporates by reference each and every allegation

9    contained in paragraphs 1 through 42, inclusive, as though fully set forth herein.

10    44.    At all times mentioned in this complaint California *Government Code* Section

11   12940(m) was in full force and effect and was binding on Defendants, and applied to Plaintiff

12   in her capacity as an employee of Defendant.

13    45.    Subsection (m) of section 12940 of the *Government Code* provides that it shall be

14   an unlawful employment practice for any employer to fail to make reasonable accommodation

15   for the known physical disability of an employee.

16    46.    Defendants, and each of them, knew of Plaintiff's disabilities and knew or should

17   have known that such disabilities fell within the definition of disability under California

18   *Government Code* section 12926.  Defendants further knew or should have known that despite

19   her disability, Plaintiff could perform the essential functions of her job or an alternative job, if

20   provided reasonable accommodations.  Yet still, Defendants failed to make reasonable

21   accommodations for Plaintiff, even though Defendants knew she was a "qualified individual"

22   with a FEHA disability.

23    47.    Plaintiff further alleges that Defendants failed to take affirmative steps to

24   determine which accommodation was suitable for the Plaintiff; and failed to follow its own

25   policies with respect to providing accommodations to the Plaintiff.  Despite Defendants'

26   knowledge that the Plaintiff needed an accommodation to return to work, Defendants instead

27   took adverse action against her during her employment, and subsequently terminated her

28

- 9 -
**COMPLAINT FOR DAMAGES**

1   employment, in whole or in part, because of her disabilities, request for accommodation,

2   and/or Defendants' perception that Plaintiff was disabled or needed an accommodation.

3       48.   In engaging in the foregoing conduct, Defendants aided, abetted, incited,

4   participated in, coerced and/or compelled unlawful employment practices in violation of

5   California's Fair Employment and Housing Act.

6       49.   As a direct and foreseeable result of the aforesaid acts of said Defendants,

7   Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at

8   the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest

9   pursuant to California *Civil Code* §3287 and/or any other provision of law providing for pre-

10  judgment interest.

11      50.   As a direct and foreseeable result of the aforesaid acts of said Defendant,

12  Plaintiff claims general damages, including damages for emotional distress, in an amount to be

13  established at trial and in excess of the jurisdictional limits of this Court.

14      51.   The acts taken towards the Plaintiff by Defendant and its agents and/or

15  representatives, were deliberate, cold, callous, and fraudulent; and carried out in an intentional

16  manner in order to injure and damage the Plaintiff.  Defendant acted in conscious disregard of

17  the Plaintiff such that their conduct was despicable.  As such, Plaintiff requests punitive

18  damages against Defendant in an amount to be proven at time of trial.

19      52.   Plaintiff will also seek and is entitled to recover attorney's fees in connection

20  with this cause of action under the private attorney general doctrine (California *Civil Code*

21  section 1021.5) as well as California *Government Code* section 12940, et seq.

22

23              **FIFTH CAUSE OF ACTION**

24            (Failure to Engage in the Interactive Process in

25         Violation of Govt. Code §12940(n) Against Entity Defendants)

26      53.   Plaintiff restates and incorporates by reference each and every allegation

27  contained in paragraphs 1 through 52, inclusive, as though fully set forth herein.

28

**COMPLAINT FOR DAMAGES**

1        54.   At all times mentioned in this complaint California *Government Code* Section

2  12940(n) was in full force and effect and was binding on Defendants, and applied to Plaintiff

3  in her capacity as an employee of Defendants.

4        55.   Subsection (n) of section 12940 of the *Government Code* provides that it shall be an

5  unlawful employment practice for any employer to fail to engage in a timely, good faith,

6  interactive process with an employee to determine effective reasonable accommodations, if

7  any, in response to a request for reasonable accommodation by an employee with a known

8  physical disability.

9        56.   Defendants, and each of them, failed and refused to engage in a timely, good

10  faith, interactive process with Plaintiff to determine any effective reasonable accommodations

11  required by her to perform the essential functions of her job and maintain her employment, or

12  an alternative job position.

13        57.   Instead of engaging in the interactive process, Defendants instead took adverse

14  action against her during her employment, and subsequently terminated her employment, in

15  whole or in part, because of her disabilities, request for accommodation, and/or Defendants'

16  perception that Plaintiff was disabled or needed an accommodation.

17        58.   In engaging in the foregoing conduct, Defendant aided, abetted, incited,

18  participated in, coerced and/or compelled unlawful employment practices in violation of

19  California's Fair Employment and Housing Act.

20        59.   As a direct and foreseeable result of the aforesaid acts of said Defendant,

21  Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at

22  the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest

23  pursuant to *Civil Code* §3287 and/or any other provision of law providing for pre-judgment

24  interest.

25        60.   As a direct and foreseeable result of the aforesaid acts of said Defendant,

26  Plaintiff claims general damages, including damages for emotional distress, in an amount to be

27  established at trial and in excess of the jurisdictional limits of this Court.

28

**COMPLAINT FOR DAMAGES**

1    61.   The acts taken towards the Plaintiff by Defendant and its agents and/or

2    representatives, were deliberate, cold, callous, and fraudulent; and carried out in an intentional

3    manner in order to injure and damage the Plaintiff.  Defendant acted in conscious disregard of

4    the Plaintiff such that their conduct was despicable.  As such, Plaintiff requests punitive

5    damages against Defendant in an amount to be proven at time of trial.

6    62.   Plaintiff will also seek and is entitled to recover attorney's fees in connection

7    with this cause of action under the private attorney general doctrine (California Civil Code

8    section 1021.5) as well as California *Government Code* section 12940, et seq.

9

10                            **SIXTH CAUSE OF ACTION**

11             **(Age Discrimination in Violation of Govt. Code §12940(a)**

12                        **Against Entity Defendants)**

13    63.   Plaintiff restates and incorporates by reference each and every allegation

14    contained in paragraphs 1 through 64, inclusive, as though fully set forth herein.

15    64.   At all times mentioned in this complaint, *Government Code* §12940(a) was in

16    full force and effect and was binding on defendants.  This subsection requires employers to

17    refrain from discriminating against employees based on race, religious creed, color, national

18    origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age

19    or sexual orientation.

20    65.   Plaintiff was over the age of 40 years at all relevant times.  She performed her job

21    in a satisfactory manner.  Plaintiff was terminated and suffered other adverse action when

22    Defendants failed to comply with its own polices and practices for employees with long-term

23    disabilities.

24    66.   Plaintiff further alleges that Defendants violated the aforementioned subsection

25    by using and implementing an employment practice that discriminated against older employees

26    and allowing these employees to be subjected to differential treatment in the terms and

27    conditions of employment, such that their employment practices and policies were clearly

28    discriminatory and based on an employee's age.

                                    - 12 -
                        **COMPLAINT FOR DAMAGES**

1    67.    Plaintiff was also treated differently based on her age, as demonstrated by

2    Defendants' failure to apply its own disability and accommodation policies and practices with

3    the Plaintiff; and their failure to abide by other employment terms, conditions, and privileges

4    which other employees benefitted from, except employees over the age of 40 year, including

5    the Plaintiff.

6    68.    Plaintiff further alleges that Defendants replaced her in her job position with

7    a younger employee who was also not disabled nor needed an accommodation.  Plaintiff

8    further alleges that younger employees and/or new hires were given job positions and/or

9    opportunities to obtain positions, which could have been offered to the Plaintiff but for her

10   age and disability.

11   69.    As a direct and proximate result fo the conduct of this Defendant, Plaintiff

12   sustained and continues to suffer:  (1) loss of past and future income and other valuable

13   employee benefits; (2) loss of employment-related opportunities for growth; (3) damage to

14   his/her professional reputation; and (4) emotional distress, anxiety and injury to his/her

15   psyche,;all to his/her damage according to proof at trial.  Plaintiff claims such amounts as

16   damages together with prejudgment interest pursuant to Civil Code §§3287, 3288, and/or any

17   other provision of law providing for prejudgment interest.

18   70.    As a further direct and proximate result of the wrongful acts of this Defendant,

19   Plaintiff incurred attorneys' fees and costs in connection with prosecuting this action and in

20   event she prevails at trial Plaintiff will request reasonable attorney's fees pursuant to *Government*

21   *Code* § 12965(b).

22

23   **SEVENTH FIFTH CAUSE OF ACTION**

24   **(Medical Leave in Violation of Government Code §12945.2)**

25   71.    Plaintiff restates and incorporates by reference each and every allegation

26   contained in paragraphs 1 through 70, inclusive, as though fully set forth herein.  This cause of

27   action is alleged against the entity Defendants.

28

- 13 -

**COMPLAINT FOR DAMAGES**

72.   At all times mentioned in this complaint California *Government Code* Section 12945.2 was in full force and effect and was binding on the entity Defendants, and applied to Plaintiff in her capacity as an employee of Defendants.

73.   Section 12945.2 of the *Government Code* provides that it is an unlawful employment practice for an employer to discharge, fine, suspend, expel, or discriminate against, any individual because an individual's exercise of the right to family care and medical leave. Specifically, this Section permits employees to take up to 12 weeks of family and medical leave not only to care for family members, but also to recover from serious health conditions of their own. CFRA defines "serious health condition" to mean an illness, injury, impairment, or physical or mental condition that involves continuing treatment or supervision by a health care provider.

74.   At all times material herein, Defendants were Plaintiff's employer and covered by the CFRA/FMLA. Plaintiff was eligible for a CFRA/FMLA leave and exercised his/her right to take leave for a qualifying CFRA purpose; but, Defendants failed, refused, and/or denied Plaintiff the CFRA/FMLA leave, and/or mislead her with regards to the rights and obligations of a CFRA/FMLA leave. Plaintiff relied on Defendants' representations to her regarding her potential CFRA/FMLA leave. Plaintiff further alleges that even after sufficient notice of the need for a CFRA leave, Defendant failed to determine and designate a CFRA leave for the Plaintiff; and failed to notify Plaintiff of his/her rights pursuant to the FMLA/CFRA.

75.   As a direct and foreseeable result of the aforesaid acts, Defendants took adverse employment action against Plaintiff, including but not limited to, terminating his/her employment and/or treating Plaintiff differently in the terms, conditions, or privileges of his/her employment. Plaintiff further alleges that in exercising his/her rights pursuant to the CFRA and seeking further leave beyond the CFRA limit; such pursuit was treated by Defendants as a negative factor in their employment of the Plaintiff.

76.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest

- 14 -

**COMPLAINT FOR DAMAGES**

1  pursuant to *Civil Code* §3287 and/or any other provision of law providing for pre-judgment
2  interest.

3       77.    As a direct and foreseeable result of the aforesaid acts of said Defendants,
4  Plaintiff claims general damages, including damages for emotional distress, in an amount to be
5  established at trial and in excess of the jurisdictional limits of this Court.

6       78.    The acts taken towards the Plaintiff by Defendants were deliberate, cold, callous,
7  and fraudulent; and carried out in an intentional manner in order to injure and damage the
8  Plaintiff. Defendants acted in conscious disregard of the Plaintiff such that their conduct was
9  despicable. As such, Plaintiff requests punitive damages against Defendants in an amount to
10  be proven at time of trial.

11       79.    Plaintiff will also seek and is entitled to recover attorney's fees in connection
12  with this cause of action under the private attorney general doctrine (California *Civil Code*
13  section 1021.5) as well as California *Government Code* section 12940, et seq.

14

15       **WHEREFORE**, Plaintiff prays judgment against the Defendants, and each of them,
16  as follows:

17       1.     For general and special damages according to proof;

18       2.     For loss of earnings and earning capacity, according to proof;

19       3.     For pre-judgment interest to the extent allowed by law;

20       4.     For costs of suit incurred herein;

21       5.     For punitive and/or exemplary damages in an amount to punish Defendants;

22       6.     For attorney's fees in prosecuting this action;

23       7.     For such other and further relief as the Court deems just and proper.

24

25  **DATED: August 19, 2014**

26                                 Gene M. Ramos, Esq.
                                   LAW OFFICES OF GENE M. RAMOS
27                                 Attorneys for Plaintiff Penny Autry

28

**COMPLAINT FOR DAMAGES**

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gene M. Ramos, (SBN 132996)<br>Law Offices of Gene M. Ramos<br>8383 Wilshire Blvd., Ste. 950<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (323) 857-0444   FAX NO.: (323) 857-6644<br>ATTORNEY FOR *(Name)*: Plaintiff, Penny Autry | **FILED**<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>**AUG 19 2014**<br><br>LARAYNE CLEEK, CLERK<br>BY:<br>Linnetta Ybarra |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **TULARE**
STREET ADDRESS: 221 South Mooney Blvd., Room 201
MAILING ADDRESS: same
CITY AND ZIP CODE: Visalia, CA 93291
BRANCH NAME: Civil Division

| CASE NAME:<br>Penny Autry v. Wal-Mart Stores, Inc. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**257542**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Seven
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 19, 2014

Gene M. Ramos
_____(TYPE OR PRINT NAME)_____    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit B

1  Vince M. Verde, CA Bar No. 202472
   vince.verde@ogletreedeakins.com
2  Richard Y. Chen, CA Bar No. 225392
   richard.chen@ogletreedeakins.com
3  Jordon R. Ferguson, CA Bar No. 276578
   jordon.ferguson@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
5  695 Town Center Drive
   Costa Mesa, CA  92626
6  Telephone:    714.800.7900
   Facsimile:    714.754.1298
7
8  Attorneys for Defendant Wal-Mart Stores, Inc.

**FILED**
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

**OCT 14 2014**

LARAYNE CLEEK, CLERK
BY:   MARCELLA HERNANDEZ

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF TULARE**

11                  **VISALIA DIVISION**

12  PENNY AUTRY,                          Case No. 257542

13          Plaintiff,                    [Assigned for all purposes to The Honorable
                                          Lloyd L. Hicks, Dept. 2]
14      vs.
                                          **DEFENDANT'S ANSWER TO**
15  WAL-MART STORES, INC. a corporation, and   **PLAINTIFF'S UNVERIFIED COMPLAINT**
    DOES 1 through 100,

16          Defendants.                   Action Filed:    August 19, 2014
                                          Trial Date:      None
17

18

19      Defendant Wal-Mart Stores, Inc. ("Defendant") hereby answers the unverified complaint

20  ("Complaint") filed by Plaintiff Penny Autry ("Plaintiff") as follows:

21                      **GENERAL DENIAL**

22      Pursuant to Section 431.30(d) of the *Code of Civil Procedure*, Defendant denies each and

23  every allegation in Plaintiff's Complaint, and denies that Plaintiff sustained any damages as

24  alleged, or at all, and that Plaintiff is entitled to recover any damages.

25      Additionally, without admitting that it carries the burden of proof as to any of the issues

26  raised thereby, Defendant asserts the following separate and distinct affirmative defenses to

27  Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth

28  below.

19114351_1.docx

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Defendant also hereby gives notice that they intend to rely upon such other and further
2   affirmative defenses as may become available during investigation and discovery in this action.
3   Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its
4   admissions and denials herein, based on such investigation and discovery.

5   ### AFFIRMATIVE DEFENSES

6   Without waiving any foregoing answers and defenses, Defendant, as and for its affirmative
7   defenses to the Complaint herein, allege as follows:

8   ### FIRST AFFIRMATIVE DEFENSE

9   **(Failure to State a Cause of Action)**

10   1.   Defendant alleges that Plaintiff's Complaint and each purported cause of action
11   therein are barred, in whole or in part, because Plaintiff's Complaint fails to state facts sufficient to
12   constitute a claim for relief against Defendant.

13   ### SECOND AFFIRMATIVE DEFENSE

14   **(Statutes of Limitations)**

15   2.   Defendant alleges that Plaintiff's Complaint and each purported cause of action
16   therein are barred, in whole or in part, by the applicable statutes of limitations, including, but not
17   limited to, California *Code of Civil Procedure* sections 335.1, and *Government Code* §§12960(b)
18   and (d), and 29 U.S.C. § 2617(c).

19   ### THIRD AFFIRMATIVE DEFENSE

20   **(Estoppel)**

21   3.   Defendant alleges that Plaintiff's Complaint and each purported cause of action
22   therein are barred, in whole or in part, by the doctrine of estoppel.

23   ### FOURTH AFFIRMATIVE DEFENSE

24   **(Waiver)**

25   4.   Defendant alleges that Plaintiff's Complaint and each purported cause of action
26   therein are barred, in whole or in part, because Plaintiff has waived any right to recover any relief
27   sought in the complaint, or in any purported cause of action alleged therein.

28   ///

19114351_1.docx

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

7.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, by the workers' compensation exclusivity doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

8.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

## NINTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory and Non-Retaliatory Business Reason)

9.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, on the grounds that any alleged employment actions taken by Defendant that adversely affected Plaintiff's employment were reasonable in response to legitimate business necessities, and were taken for legitimate nondiscriminatory and/or non-retaliatory reasons.

///
///
///
///

19114351_1.docx

3

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

10.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Alleged Disability)

11.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Defendant had no knowledge of any alleged physical or mental disability of Plaintiff, or of any alleged medical condition suffered by Plaintiff, within the meaning of the California Fair Employment and Housing Act, California *Government Code* sections 12940 *et seq.*

## TWELFTH AFFIRMATIVE DEFENSE

### (No Notification Of Alleged Need For Accommodation)

12.     Defendant alleges that Plaintiff's purported cause of action for failure to provide a reasonable accommodation fails as a matter of law because Plaintiff never notified Defendant of her alleged need for an accommodation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

13.     Defendant alleges that Plaintiff's purported cause of action for failure to provide a reasonable accommodation fails because the requested accommodation sought by Plaintiff would pose an undue hardship on Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Health or Safety of Plaintiff or Others)

14.     Defendant alleges that Plaintiff's cause of action for failure to provide a reasonable accommodation fails because granting Plaintiff's alleged requested accommodation would have endangered the health or safety of Plaintiff or others.

///

19114351_1.docx

4

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Interactive Process)

15.   Defendant alleges that Plaintiff's purported cause of action for failure to engage in the interactive process fails as Plaintiff did not request any accommodations for any disability and, to the extent that any such request was made, any breakdown in the interactive process was caused by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Certification From Health-Care Provider)

16.   Defendant alleges that Plaintiff's purported causes of action are barred, in whole or in part, to the extent Plaintiff failed to provide a health-care provider's certification of her need for leave.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Fitness For Duty Statement)

17.   Defendant alleges that Plaintiff's purported causes of action are barred, in whole or in part, to the extent Plaintiff did not provide a written statement from her health-care provider that she was fit to return to work.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Employment Would Have Ceased)

18.   Defendant alleges that Plaintiff's purported causes of action are barred, in whole or in part, because Defendant was not required to return Plaintiff to work when her medical leave was over because her employment would have ended for other reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (No Greater Rights)

19.   Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, as Plaintiff possessed no greater right than if she had been continuously employed during the leave period under the Family Medical Leave Act.

///

///

19114351_1.docx

### TWENTIETH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence Doctrine)

20.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the after-acquired evidence doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

21.     Plaintiff's claims are or may be barred by the doctrine of avoidable consequences because she unreasonably failed to take action to avoid her alleged damages, and some or all of her alleged damages would have been avoided by such action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

22.     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff has failed, and continues to fail, to mitigate, by the exercise of reasonable effort and/or care, any damages allegedly caused by the acts and/or omissions allegedly attributed to Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Constitutional Limit on Punitive Damages)

23.     Defendant alleges that while Defendant denies that they have committed or have responsibility for any act that could support the recovery of punitive damages by Plaintiff, to the extent that such recovery is sought by Plaintiff, recovery of punitive damages against Defendant is unconstitutional under the provisions of the United States and California Constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Preexisting Condition)

24.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

///

///

19114351_1.docx

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Offset)

25.    Defendant alleges that if Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant continues to deny, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources, including Workers' Compensation, California State Disability Insurance benefits, or subsequent employment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (*Civil Code* § 1431.2)

26.    Defendant alleges that Plaintiff's claim for non-economic damages is barred, in whole or in part, because any alleged emotional, mental, and/or physical injury suffered by Plaintiff was proximately caused by the acts and/or omissions of persons and entities other than Defendant.  Accordingly, Defendant is entitled to an allocation of any and all non-economic damages pursuant to California *Civil Code* § 1431.2.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Mixed Motive)

27.    Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the mixed motive affirmative defense.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

28.    As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that it currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses.  Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

///

///

///

///

19114351_1.docx

7

**WHEREFORE**, Defendant prays as follows:

1.   That Plaintiff take nothing by way of her Complaint;

2.   That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.   For entry of judgment in favor of Defendant, and against Plaintiff, on all causes of action;

4.   That Defendant be awarded costs of suit herein;

5.   That Defendant be awarded reasonable attorneys' fees incurred in defending this suit, as determined by the Court; and

For such other and further relief as this Court may deem just and proper.

DATED:  October 14, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Vince M. Verde
Richard Y. Chen
Jordon R. Ferguson

Attorneys for Defendant Wal-Mart Stores, Inc.

19114351_1.docx

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**
Case No. 257542

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On October 14, 2014, I served the following document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY HAND:** By placing the documents in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for delivery.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 14, 2014, at Costa Mesa, California.

Karly Kolisch
_____          _____
Type or Print Name                                        Signature

1

**SERVICE LIST**

| Gene M. Ramos, Esq.<br>The Law Offices of Gene M. Ramos<br>8383 Wilshire Blvd., Suite 950<br>Beverly Hills, CA 90211<br>Tel: 323-857-0444<br>Fax: 323-857-6644 | Attorneys for Plaintiff, Penny Autry |
|---|---|

2
3
4
5
6
7
8
19114351.1
9
10          19114351.1
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19114351_1.docx

2

PROOF OF SERVICE

Exhibit C

S-3ASR 1 d272791ds3asr.htm AUTOMATIC SHELF REGISTRATION ON FORM S-3

Table of Contents

As filed with the Securities and Exchange Commission on December 22, 2011

Registration No. 333-

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

## FORM S-3
## REGISTRATION STATEMENT
*UNDER*
*THE SECURITIES ACT OF 1933*

# WAL-MART STORES, INC.
### (Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **71-0415188** |
| **(State or other jurisdiction of incorporation or organization)** | **(I.R.S. Employer Identification No.)** |

**702 S.W. 8th Street**
**Bentonville, Arkansas 72716**
**(479) 273-4000**
**(Address, including zip code, and telephone number, including area code, of registrant's principal executive offices)**

**ANTHONY D. GEORGE, ESQ.**
**Senior Associate General Counsel, Finance and Assistant Secretary**
**Wal-Mart Stores, Inc.**
**702 S.W. 8th Street**
**Bentonville, Arkansas 72716**
**479-273-4000**
**(Name, address, including zip code, and telephone number of agent for service)**

*With copies to:*

| | |
|---|---|
| **DUDLEY W. MURREY, ESQ.** | **GLENN M. REITER, ESQ.** |
| **Andrews Kurth LLP** | **Simpson Thacher & Bartlett LLP** |
| **1717 Main Street, Suite 3700** | **425 Lexington Avenue** |
| **Dallas, Texas 75201** | **New York, New York 10017** |
| **214-659-4400** | **212-455-2000** |

**Approximate date of commencement of proposed sale to the public:** From time to time after this registration statement becomes effective.

If the only securities being registered on this Form are being offered pursuant to dividend or interest reinvestment plans, please check the following box: ☐

If any of the securities being registered on this Form are to be offered on a delayed or continuous basis pursuant to Rule 415 under the Securities Act of 1933, other than securities offered only in connection with dividend or interest reinvestment plans, check the following box: ☒

If this Form is filed to register additional securities for an offering pursuant to Rule 462(b) under the Securities Act, please check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

Exhibit D

*common good*  *privacy*  *All people*  *Liberty*  *Speak*  *Conscience*  *without discrimination*

# California Secretary of State Debra Bowen

Secretary of State    Administration    Elections    **Business Programs**    Political Reform    Archives    Registries

## Business Entity Detail

**Business Entities (BE)**

Online Services
- **E-File Statements of Information for Corporations**
- **Business Search**
- **Processing Times**
- **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business Solicitations**

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, October 14, 2014. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | WAL-MART STORES, INC. |
| Entity Number: | C1634374 |
| Date Filed: | 02/03/1989 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 702 SW 8TH STREET |
| Entity City, State, Zip: | BENTONVILLE AR 72716 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 WEST SEVENTH ST 2ND FL |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**    **New Search**    **Printer Friendly**    **Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2014   California Secretary of State

Exhibit E

## U.S. District Court — Judicial Caseload Profile

**CALIFORNIA EASTERN**

| | | | 12-Month Periods Ending | | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun 30 2009 | Jun 30 2010 | Jun 30 2011 | Jun 30 2012 | Jun 30 2013 | Jun 30 2014 | | | |
| **Overall Caseload Statistics** | | Filings [1] | 7,160 | 7,213 | 7,324 | 7,156 | 6,096 | 6,024 | | | |
| | | Terminations | 6,584 | 6,814 | 7,441 | 7,331 | 6,856 | 6,210 | | **U.S.** | **Circuit** |
| | | Pending | 8,957 | 9,232 | 9,062 | 8,868 | 8,096 | 7,920 | | | |
| | | Percent Change in Total Filings Current Year Over Earlier Year | -15.9 | -16.5 | -17.7 | -15.8 | -1.2 | | | 41 | 8 |
| | | Number of Judgeships | 6 | 6 | 6 | 6 | 6 | 6 | | | |
| | | Vacant Judgeship Months [2] | 5.9 | 12.0 | 5.5 | 0.0 | 16.5 | 12.0 | | | |
| **Actions per Judgeship** | **Filings** | Total | 1,193 | 1,202 | 1,221 | 1,193 | 1,016 | 1,004 | | 4 | 2 |
| | | Civil | 923 | 956 | 965 | 926 | 775 | 829 | | 3 | 1 |
| | | Criminal Felony | 211 | 197 | 202 | 202 | 184 | 119 | | 25 | 6 |
| | | Supervised Release Hearings | 60 | 49 | 54 | 65 | 58 | 57 | | 16 | 5 |
| | | Pending Cases | 1,493 | 1,539 | 1,510 | 1,478 | 1,349 | 1,320 | | 3 | 1 |
| | | Weighted Filings [2] | 1,095 | 1,086 | 1,129 | 1,161 | 926 | 982 | | 4 | 1 |
| | | Terminations | 1,097 | 1,136 | 1,240 | 1,222 | 1,143 | 1,035 | | 3 | 2 |
| | | Trials Completed | 21 | 19 | 15 | 15 | 15 | 16 | | 62 | 9 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 10.3 | 12.5 | 12.1 | 13.4 | 14.2 | 16.3 | | 90 | 14 |
| | | Civil [2] | 8.6 | 7.9 | 8.0 | 7.8 | 8.8 | 8.4 | | 30 | 7 |
| | From Filing to Trial [2] (Civil Only) | | 33.0 | 40.0 | 43.6 | 45.9 | 50.5 | 47.8 | | 73 | 9 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 826 11.8 | 763 10.8 | 723 10.7 | 753 11.6 | 767 13.6 | 796 13.9 | | 81 | 13 |
| | Average Number of Felony Defendants Filed per Case | | 1.5 | 1.4 | 1.5 | 1.6 | 1.4 | 1.4 | | | |
| | Jurors | Avg. Present for Jury Selection | 46.9 | 52.1 | 44.7 | 39.4 | 42.7 | 38.7 | | | |
| | | Percent Not Selected or Challenged | 47.6 | 52.7 | 45.1 | 43.3 | 44.7 | 40.0 | | | |

| **2014 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense** | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 4,972 | 446 | 61 | 2,076 | 55 | 166 | 139 | 243 | 237 | 55 | 1,029 | 4 | 461 |
| Criminal [1] | 710 | 50 | 213 | 132 | 70 | 116 | 12 | 74 | 7 | 14 | 9 | 9 | 4 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*Penny Autry v. Wal-Mart Stores, Inc., et al.*
Case No.

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On October 17, 2014, I served the following document(s):

**1.     CIVIL COVER SHEET;**

**2.     DEFENDANT WAL-MART STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446;**

**3.     DECLARATION OF JORDON FERGUSON IN SUPPORT OF DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT;**

**4.     DEFENDANT WAL-MART STORES, INC.'S REQUEST FOR JUDICIAL NOTICE FILED IN COMPLIANCE WITH FED. R. EVID. 201(B)(2) IN SUPPORT OF NOTICE OF REMOVAL;**

**5.     NOTICE OF RELATED CASES;**

**6.     DEFENDANT WAL-MART STORES, INC.'S CORPORATE DISCLOSURE STATEMENT IN COMPLIANCE WITH FRCP 7.1; and**

**7. CERTIFICATION AS TO INTERESTED PARTIES IN COMPLIANCE WITH LOCAL RULE 7.1-1**

☒     **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒     **(Federal)**     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 17 2014, at Costa Mesa, California.

Karly Kolisch
Type or Print Name

Signature

J9114375_1.docx

1

Case No.

PROOF OF SERVICE

1

## <u>SERVICE LIST</u>

2
3
4
5

Gene M. Ramos, Esq.
The Law Offices of Gene M. Ramos
8383 Wilshire Blvd., Suite 950
Beverly Hills, CA 90211
Tel: 323-857-0444
Fax: 323-857-6644

6

Attorney for Plaintiff

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

19114375_1.docx

28

Case No.

PROOF OF SERVICE RE REMOVAL